UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LATONYA CHAMES,**<br>    Plaintiff,<br><br>v.<br><br>**CALHOUN COUNTY**<br>**SHERIFF'S DEPARTMENT,**<br>    Defendant. | Case No. 1:21-cv-1571-CLM |

## MEMORANDUM OPINION AND ORDER

LaTonya Chames, an African American female, has been employed by the Calhoun County Sheriff's Department in various capacities since 2002. She complained to her superiors about race discrimination, sex discrimination, and unequal pay. Eventually, she filed an EEOC complaint alleging the same, along with retaliation. The EEOC dismissed her complaint. So Chames now sues the Sheriff's Department and Sheriff Matthew Wade for race discrimination, gender discrimination, retaliation, unequal pay, and equal protection violations. (Doc. 9).

The Sheriff's Department has moved to dismiss that complaint under Rule 12(b)(6). (Doc. 11). Chames has moved to substitute Sheriff Wade as a party for the Calhoun County Sheriff's Department. (Doc. 15).

For the reasons stated below, the court will **GRANT** the department's motion to dismiss all counts of Chames' complaint against the Sherriff's Department **WITH PREJUDICE**. (Doc. 11). The court will **GRANT** Chames' motion to substitute Sheriff Wade for the Sheriff's Department. (Doc. 15).

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 556).

## DISCUSSION

1. <u>Calhoun County Sheriff's Department</u>

The Sheriff's Department argues that all the claims against it should be dismissed because it is not a legal entity that can be sued. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) ("Under Alabama law, a county sheriff's department lacks capacity to be sued."). Chames acknowledges this in her motion to substitute Sheriff Wade for the Sheriff's Department. (Doc. 15). The court agrees.

Because the Sheriff's Department is not a legal entity subject to suit, the court **GRANTS** the department's motion to dismiss for failure to state a claim on all counts with prejudice. (Doc. 11).

2. <u>Sheriff Matthew Wade</u>

Chames first named Sheriff Matthew Wade as a defendant in her amended complaint, which she filed on May 16, 2022. (Doc. 9). But Chames didn't serve Wade until January 10, 2023, after this court ordered Chames to show cause as to why the court should not dismiss the claims against Wade for failure to serve within 90 days under Rule 4(m). (Doc. 18).

Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). If the court applied the rule as written, it "must dismiss [Chames'] action without prejudice" because Chames fails to show good cause for her late service.

But the Eleventh Circuit has interpreted Rule 4(m) to "grant[] discretion to the district court to extend the time for service of process even in the absence of a showing of good cause." *Horenkamp v. Wan Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005).

In *Horenkamp*, the court relied on the advisory committee note to Rule 4(m) to conclude that a district court may grant an extension of time for service without good cause where the applicable statute of limitations would bar a refiled action. *Id.* While "the running of the statute of limitations does not require that a district court extend the time for service of process under" Rule 4(m), the Eleventh Circuit held it was appropriate for the district to do so in *Horenkamp*. *Id.* at 1133; *see also Hong-Diep Vu v. Phong Ho*, 756 Fed. App'x 881 (11th Cir. 2018) (reversing the district court's denial of the plaintiff's motion to expand time for service because the district court failed to consider "the fact that a dismissal without prejudice would act as a dismissal on the merits because the applicable statute of limitations had run on some claims.").

Chames asserts that she failed to timely serve Sheriff Wade because she was awaiting this court's ruling on the Department's motion to dismiss the amended complaint and Chames' motion to substitute Wade as a party. (Doc. 23 at 5). The court does not find that this is good cause to excuse her failure to timely serve Sheriff Wade under Rule 4(m). But the Department and Chames agree that dismissing the claims against Sheriff Wade without prejudice would act as a dismissal on the merits for some of Chames' claims due to the applicable statute of limitations. (Docs.

3

22, 23). Specifically, Chames § 1981 claims may be barred by a four-year statute of limitations, her § 1983 claims may be barred by a two-year statute of limitations, and her Title VII, Equal Pay Act, and Lilly Ledbetter pay act claims may be barred for failure to exhaust. (Docs. 22, 23).

The defendants do not challenge the courts' use of the advisory committee note to supplement Rule 4's text, and this court is bound to apply it based on Eleventh Circuit precedent. So even though Chames fails to show good cause for waiting nearly eight months to serve Sheriff Wade, the court will **GRANT** Chames' motion to substitute Sheriff Wade for any mention or reference to the Calhoun County Sheriff's Department in the complaint and accept her service of Sheriff Wade as timely because failure to do so could result in the dismissal of her re-filed action. *See Horenkamp*, 402 F.3d at 1132.

## CONCLUSION

For the reasons above, the court **GRANTS** the Department's motion to dismiss all claims against it **WITH PREJUDICE**. (Doc. 11). The court **GRANTS** Chames' motion to substitute Sheriff Wade for the Sheriff's Department. (Doc. 15).

**DONE** and **ORDERED** on January 30, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE