UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LATONYA CHAMES**<br>    Plaintiff,<br><br>v.<br><br>**SHERIFF MATTHEW WADE,**<br>    Defendant. | Case No. 1:21-cv-1571-CLM |

### MEMORANDUM OPINION AND ORDER

LaTonya Chames alleges that while she was a Lieutenant for the Calhoun County Sheriff's Department she was paid less than other white male Lieutenants because she is an African American female. So she sues Sheriff Matthew Wade under 42 U.S.C. § 1981 and § 1983 for race discrimination and retaliation, § 1983 for gender discrimination and race discrimination, Title VII of the Civil Rights Act of 1964 for race discrimination, retaliation, and gender discrimination, and for unequal pay under the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e)(3), and 29 U.S.C. § 206(d).

Wade has moved to dismiss all the claims against him. (Doc. 27). For the reasons stated below, the court **GRANTS** in part and **DENIES** in part Wade's motion.

### BACKGROUND

LaTonya Chames is an African American female who has been employed by the Calhoun County Sheriff's Department for over twenty years. She alleges that during her employment, she faced race and gender discrimination, retaliation, and was denied equal pay.

Chames was promoted to Lieutenant in April 2016. She was the only African American Captain, Lieutenant, or Sergeant, and the only female Captain or Lieutenant employed by the Department when she filed

her EEOC charge. She alleges that she was paid $15,000 to $17,000 less than the other Lieutenants—both white males—yet other positions, such as Captain, were all paid the same.

Chames alleges that she reported this pay disparity to her supervisor in the Sheriff's Department in December 2018 and to Sheriff Wade a few months later. She explained to both that she thought she was being paid less than the other Lieutenants because of her race and gender. Although they both initially denied her request for a raise, Wade later told Chames he would increase her salary by $5,000. But Chames refused that raise because she said it would not correct the large pay gap between her and the other Lieutenants.

In June 2019, the Department again offered Chames a $5,000 raise, but this time told her that she would have to waive her rights as a civil service employee and forgo future raises to receive it. Chames refused those terms, and alleges they were presented in retaliation for her internal claims of race and gender discrimination. Meanwhile, Chames says the two other Lieutenants received a $10,000 raise.

Chames ultimately filed two charges of discrimination with the Equal Employment Opportunity Commission (EEOC) and two lawsuits. She filed her first EEOC charge on November 7, 2019 against the Calhoun County Commission and her second EEOC charge on July 6, 2020 against both the Calhoun County Commission and the Calhoun County Sheriff's office. Neither charge explicitly named Sheriff Wade, but both charges contained the same relevant charges of discrimination, retaliation, and unequal pay, and described Wade's involvement in those claims. The EEOC issued its right to sue notice for the first charge on August 18, 2020, and for the second charge on August 26, 2021.

Chames filed her first lawsuit on November 16, 2020, against the Calhoun County Commission. *See Latonya Chames v. Calhoun County*

*Comm'n*; 1:20-CV-1826-ACA. The court dismissed that case because the Commission was not her employer, and the Eleventh Circuit affirmed.

Chames filed this lawsuit on November 24, 2021, naming only the Sheriff's Department as a defendant. After the Sheriff's Department moved to dismiss Chames' complaint because the Department is not a legal entity that can be sued (doc. 5), Chames filed an amended complaint that named Sheriff Wade on May 16, 2022 (doc. 9). Chames also moved to substitute Wade as a party for the Calhoun County Sheriff's Department. (Doc. 15). But Chames did not serve Sheriff Wade until January 10, 2023, after the court entered an order to show cause as to why it should not dismiss the claims against Wade for failure to serve under Rule 4(m). (Doc. 18). Ultimately, the court dismissed the claims against the Sheriff's Department and granted Chames' motion to substitute Wade as a party. (Doc. 24).

Chames sues Wade under § 1983 for violating § 1981 by subjecting her to race discrimination and retaliation and for violating the Equal Protection Clause by discriminating against her on the basis of race and gender. She also sues Wade under Title VII of the Civil Rights Act for discriminating against her on the basis of race and gender and retaliating against her. And she sues Wade under the Equal Pay Act, 29 U.S.C. § 206(d), and the Lilly Ledbetter Fair Pay Act of 2009, 42 U.S.C. § 2000e-5(e)(3) for unequal pay.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.' *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. 544, 556).

## DISCUSSION

### I. The Pleadings

Wade first argues that the court should dismiss the claims against him because Chames' complaint is an impermissible shotgun pleading.

Eleventh Circuit precedent has identified four types of shotgun pleadings: (1) a complaint that contains multiple counts where each adopts the allegations of all preceding counts, (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) a complaint that does not separate "into a different count each cause of action or claim for relief," and (4) a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach County Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015).

While Chames' complaint could contain more detail, it provides enough factual allegations to rise above being a shotgun pleading. Chames sufficiently alleges that she was the only black female Lieutenant, that she was paid significantly less than other Lieutenants (who were white males), that other positions received the same amount of pay, and that Wade took retaliatory action against her after she reported the pay disparity. So the court finds that Chames' complaint is not a shotgun pleading.

### II. Relation Back Under Rule 15(c)

Wade next puts forth a host of statute of limitations arguments that appear to turn on whether Chames' addition of Wade as a defendant in her amended complaint "relates back" to the filing of her original complaint. According to Wade, the applicable statutes of limitation should

4

be based on the date he was added to the complaint—May 16, 2020—not the date the original complaint was filed—November 24, 2021. Thus, Wade says Chames § 1981 claims (four-year statute of limitations) should be limited to conduct after May 16, 2018, and § 1983 Equal Protection and Equal Pay Act claims (two-year statute of limitations) should be limited to conduct after May 16, 2020.

Chames says that the original date of the complaint should be the relevant date because her addition of Wade to the complaint relates back to the initial complaint. So she says her § 1981 claims should include conduct after November 24, 2017, and her § 1983 Equal Protection and Equal Pay Act claims should include conduct after November 24, 2019.

Federal Rule of Civil Procedure 15(c)(1)(C) sets the standard for relating back when the amended complaint changes the party or the name of the party:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>
> …
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Applied here, this rule has three requirements: (1) Chames must satisfy Rule 15(c)(1)(B); (2) Wade will not suffer prejudice; and (3) Wade knew or should have known that, as the Sheriff, he (not the Department) was the proper defendant.

Rule 15(c)(1)(B) requires the claim in the amended complaint arise out of the same conduct, transaction, or occurrence that supported the claim(s) in the original complaint. Chames meets this requirement; the alleged conduct is the same.

As for knowledge and prejudice, "[t]he only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 549 (2010). As the head of the Sheriff's department, Wade should have had notice of the lawsuit within 90 days, and he should have known that he (not the Department) was the proper Defendant. So Wade would not be prejudiced by his late addition as the proper Defendant to Chames' claim.

Because Chames has satisfied Rule 15(c), her § 1981 claims may include conduct that occurred after November 24, 2017, and her § 1983 Equal Protection and Equal Pay Act claims may include conduct that occurred after November 24, 2019. These dates may also include her discrimination and unequal pay claims ongoing through November 2017 and November 2019, and her retaliation claim under § 1981 that occurred when she was offered the $5,000 with conditions in 2019.

### III. EEOC Exhaustion

Wade argues that Chames failed to exhaust her EEOC requirements for three reasons: (1) Chames did not file an EEOC charge of discrimination against Wade specifically, (2) Chames did not file an EEOC charge against Wade or the Sheriff's department within 180 days of the alleged unlawful actions, and (3) Chames did not file suit against Wade within 90 days of receiving her right to sue the Calhoun County Sheriff's Department.

6

1. <u>Naming Wade in the EEOC Charge</u>:

Wade first argues that Chames' Title VII and Lilly Ledbetter Pay Act claims against him should be dismissed because Chames did not file a Charge of Discrimination against Wade with the EEOC, and instead named the Calhoun County Commission and Calhoun County Sheriff's Department. Thus, Wade says Chames cannot possess a right to sue notice for Wade. Chames does not address this argument in her opposition to the motion to dismiss.

To pursue a Title VII claim against a defendant, the plaintiff must have named that defendant in their EEOC charge. *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994) ("Ordinarily, a party not named in the EEOC charge cannot be sued in a subsequent civil action."). But this requirement should be liberally construed, and "[s]ometimes a party not named in the EEOC charge may still be sued in a later civil action but only if doing so fulfills the purposes of the [anti-discrimination law]." *Lewis v. Asplundh Tree Expert Co.*, 402 F. App'x 454, 456 (11th Cir. 2010).

In *Virgo*, the Eleventh Circuit set out these five factors to determine whether a suit against a party not named in the EEOC charge should proceed: "(1) the similarity of interest between the named party and the unnamed party; (2) whether the plaintiff could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; (3) whether the unnamed parties received adequate notice of the charges; (4) whether the unnamed parties had an adequate opportunity to participate in the reconciliation process; and (5) whether the unnamed party actually was prejudiced by its exclusion from the EEOC proceedings." *Virgo*, 30 F.3d at 1359.

The court may also consider whether an investigation of the unnamed party could have reasonably grown out of the charge. *Lewis*, 402 Fed. App'x. at 457. This factor "weighs in favor of inclusion of an unnamed party if the party's identity or participation in the alleged discrimination

is or is likely to be uncovered during the EEOC's reasonable investigation growing out of the charge." *Id.*

After considering these factors, the court agrees that Chames can sue Sheriff Wade even though Chames did not formally name Wade in the EEOC charge. As the head of the Sheriff's Department, Wade has similar interest to the department, should have had notice of the EEOC charge and participated in the conciliation process, and was not prejudiced from his exclusion from any EEOC proceedings. Plus, investigating Wade and his involvement in the allegations could have reasonable grown out of the charges. While Chames could (and probably *should*) have discovered the difference in the identity of the department and the Sheriff, one factor alone is not dispositive. *See Virgo* at 1359.

2. 180-Day Window:

Wade also argues that the Title VII claims should be dismissed because Chames did not file a charge with the EEOC within 180 after the alleged unlawful employment action occurred. Chames did not address this argument in her opposition to the motion to dismiss.

As explained above, Chames filed her relevant EEOC charge against the Department in July 2020. The court construes Chames' Title VII claims to be that she has been discriminated against since 2016 based on her gender and race because she is not being paid the same as her white male counterparts, and that she was retaliated against in June 2019 when the department offered her a $5,000 raise with the conditions that she forfeit her rights as a civil service employee and forgo future raises.

The court agrees with Wade that Chames failed to file a charge of retaliation against Wade within 180 days of the unlawful action and **GRANTS** Wade's motion to dismiss on that count. But the court finds that Chames' race and gender discrimination claims for unequal pay are ongoing, so her second EEOC charge was timely filed to include these claims. So the court will allow those claims to proceed.

8

3. <u>Suing Within 90 Days</u>:

Wade next argues that even if he were encompassed in Chames' EEOC charge, the claims against him are time barred because Chames did not file suit against him within 90 days of receiving her right to sue the Calhoun County Sheriff's Office. Because the court holds that Chames' amending her complaint to include Wade as a party relates back to the initial filing of her complaint, and because Chames filed that complaint within 90 days of Chames receiving her right to sue letter, the court rejects this argument.

## IV.   1981 Race Discrimination

Wade argues that the court should dismiss the § 1981 race discrimination claims against him because Chames has failed to allege sufficient facts that establish Wade intentionally discriminated against her because of her race. Wade says there are no facts that Wade was motivated by race or that race played a part in the decision, and that Chames does not establish a similarly situated employee of a nonprotected class who was subject to the same employment decision as the Plaintiff. Chames does not address this argument in her response to the motion to dismiss.

The Eleventh circuit has recognized that a plaintiff may prove a Title VII claim by direct evidence of discrimination, the *McDonnell Douglas* framework, or a "convincing mosaic" of circumstantial evidence. *See Smith v. Lockheed-Martin Corp.*, 644 F.3d 1321, 1328 (11th Cir. 2011).

Taking Chames' allegations as true—as we must at this stage—Chames has sufficiently stated a claim for race discrimination. She alleges that she was paid over 30% less than her white male counterparts, that she notified Wade of this disparity and that she thought it was based on race, and that Wade offered her a raise that would not bring her pay in line with her counterparts.

## V.   1983 Equal Protection Claims

Wade argues that the court should dismiss Chames' Equal Protection claims because they cannot satisfy the *McDonnell-Douglas* three-step analysis. He says this is the case because Chames has not alleged that Wade treated her differently from a similarly situated employee outside of her protected class—*i.e.,* Chames does not provide a proper comparator.

Chames responds that she does not have to plead comparators with great specificity at this stage of the proceeding. *Hopson v. Tyrone Clark Sr. et al.*, 7:17-cv-00580-JHE, (N.D. Ala. Dec. 4, 2017) ("At the motion to dismiss stage, [the plaintiff] is not required to plead every factual detail that would be necessary to be granted summary judgment."). She says that her complaint sufficiently alleges that she is being paid less than white males based on her race and gender, including specifics as to who, what, when, and where the discrimination occurred.

The court agrees with Chames. Her allegations sufficiently state a claim for an Equal Protection violation, and she need not satisfy *McDonnell Douglas* at this stage of the proceedings.

## VI.   Vicarious Liability

Wade says that the court should dismiss the § 1983 claims that seek to impose supervisory liability because Chames' complaint does not establish that the conduct was so obvious, flagrant, rampant, and of continued duration such that the defendants were put on notice.

The Eleventh Circuit previously stated that a plaintiff may only pursue supervisor liability when:

> the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation. The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the

> alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences.

*Hartley*, 193 F.3d at 1269 (internal quotations omitted) (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)).

Chames fails to address this argument in her response to Wade's motion to dismiss. The court does not read Chames' complaint to invoke supervisory liability, but to the extent that she does, the court agrees with Wade that she has not sufficiently pleaded those claims.

### VII. Official Capacity Claims

Wade next argues that to the extent that Chames brings claims against Wade in his official capacity, they should be dismisses for lack of subject matter jurisdiction because they are barred by the Eleventh Amendment. *See Parker v. Williams*, 862 F.2d 1471, 1476 (11th Cir. 1989) (holding that a sheriff sued in his official capacity is entitled to Eleventh Amendment immunity).

The court agrees with Wade. "[T]he Supreme Court of Alabama held that a sheriff is an executive officer of the state of Alabama, and thus is immune from lawsuits under the state constitution, except for injunctive actions...." *Carr v. City of Florence, Ala.*, 916, F.2d 1521, 1524 (11th Cir. 1990). And the Eleventh Amendment bars actions for damages against a State unless the State waives the defense or there is a valid congressional override. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). To the extent that Chames seeks damages against Wade in his official capacity, the court **DISMISSES** those claims. Chames may still, however, seek injunctive relief against Wade in his official capacity.

11

## VIII. Qualified Immunity

Wade also argues that he is protected from Chames' § 1983 claims against him in his individual capacity based on qualified immunity. The 1983 claims against Wade are for violating § 1981 by discriminating against Chames on the basis of race and retaliating against her, and for violating the Equal Protection Clause of the Fourteenth Amendment by discriminating against her on the basis of her race and gender. Wade says that Chames has not established that his conduct violated a clearly established federal right and because Chames has not established a causal connection between Wade's actions and the deprivation of her constitutional rights.

"A district court must dismiss a complaint under Fed. R. Civ. P. 12(b)(6) when the complaint's allegations, on their face, show that an affirmative defense bars recovery on the claim." *Nichols v. Maynard*, 204 F. App'x 826, 828 (11th Cir. 2006). "Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Id.* (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The defendant must first show he was performing a discretionary function to claim qualified immunity. "Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply." *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012). Chames does not argue that Wade was not performing a discretionary function.

To show that qualified immunity should not apply, the plaintiff must establish that (1) the defendant violated a constitutional right, and (2) the right was clearly established at the time of the alleged violation. The court may consider these issues in any order. If the court first determines that a right is not clearly established, the defendant is entitled to qualified immunity.

12

A right may be clearly established by (1) a materially similar case has already been decided; (2) an accepted general principle should control the novel facts of the case with obvious clarity; or (3) the conduct in question so obviously violated the Constitution that no prior case law is necessary. *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204–05 (11th Cir. 2012).

The crux of Chames' allegations is that Wade discriminated against her on the basis of race and gender when he paid her less than the other Lieutenants, and that he retaliated against her by asking her to waive her rights as a civil service employee and forgo future raised to receive a small raise.

In the Eleventh Circuit, it is "beyond doubt" that the "right to be free from intentional racial discrimination" is clearly established. *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1478 (11th Cir. 1991). The Circuit has "often noted the patently obvious illegality of racial discrimination in public employment." *Bryant v. Jones*, 575 F.3d 1281, 1300 (11th Cir. 2009). So the court agree with Chames that at this stage her complain establishes that Wade is not entitled to qualified immunity.

## IX. Punitive Damages

Wade also argues that he is immune from punitive damages. Ala. Code § 6-11-26 (1975) ("punitive damages may not be awarded against the State of Alabama or any county or municipality thereof"). Because he is an executive officer of the State of Alabama, he says claims for punitive damages against him should fail.

Chames failed to address this argument in her response in opposition to Wade's motion to dismiss and has not made the court aware of any legal authority to the contrary. So the court agrees with Wade that Chames may not pursue punitive damages against him.

## CONCLUSION

For the reasons stated above, the court **GRANTS** Wade's motion to dismiss the Title VII claim for retaliation based on failure to exhaust, any vicarious liability claims against Wade, any official capacity claims against Wade for damages, and will not allow Chames to seek punitive damages from Wade. (Doc. 27).

The court **DENIES** Wade's motion to dismiss, allowing Chames' § 1981 claims for race discrimination and retaliation, Title VII claims for race and gender discrimination, Equal Pay Act and Lilly Ledbetter Fair Pay Act claims, and Equal Protection claims for race and gender discrimination to proceed.

**DONE** and **ORDERED** on August 8, 2023.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE